```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
```
GUSTAVO ARROYO,

                Plaintiff,

                                    MEMORANDUM & ORDER
   -against-                     13-CV-5228(JS)(GRB)

POLICE OFFICER JOHN DOE/Nassau
County Police Department, and
POLICE OFFICER JOHN DOE/Nassau
County Police Department, in their
individual and official capacity,

                Defendants.
```
----------------------------------X
```
APPEARANCES
For Plaintiff:     Gustavo Arroyo, pro se
                  11008100
                  Nassau County Correctional Center
                  100 Carman Avenue
                  East Meadow, NY 11554

For Defendants:    No appearances.

SEYBERT, District Judge:

        On September 13, 2013, incarcerated pro se plaintiff Gustavo Arroyo ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against two "John Doe" defendants who are alleged to be employed as Nassau County police officers (together, "Defendants"), accompanied by an application to proceed in forma pauperis.

        Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma

pauperis is GRANTED.  Accordingly, the Court orders service of the Summonses and Complaint upon the Defendants by the United States Marshal Service ("USMS").

However, the USMS will not be able to effect service of the Summonses and Complaint on the Defendants without more information.  The Second Circuit has held that district courts must provide incarcerated pro se litigants with reasonable assistance in investigating the identity of such "John Doe" defendants.  See Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997) (per curiam).  Accordingly, the Court ORDERS that the Clerk of the Court serve a copy of the Complaint together with this Order on the Nassau County Attorney.  The Nassau County Attorney's Office is requested to attempt to ascertain the full names of Defendants and to provide to the Court and to Plaintiff their names and address(es) where each such Defendant can be served within thirty (30) days of service of this Order.  Once the information is provided to the Court, Plaintiff's Complaint shall be deemed amended to reflect the full names of the unnamed Defendants, Summonses shall be issued, and the USMS shall serve the Defendants.

## CONCLUSION

Plaintiff's application to proceed in forma pauperis is GRANTED and the Court orders service of the Summonses and Complaint upon Defendants by the USMS.  The Clerk of the Court shall serve a copy of the Complaint together with this Order on the Nassau County

Attorney and the Nassau County Attorney's Office is requested to attempt to ascertain the full names of the Defendants and to provide to the Court and to Plaintiff their names and addresses where each such Defendant can be served within thirty (30) days of service of this Order. Once the information is provided to the Court, Plaintiff's Complaint shall be deemed amended to reflect the full names of the unnamed Defendants, Summonses shall be issued, and the USMS shall serve the Defendants.

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December  5 , 2013
       Central Islip, New York