FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JAN 1 1 2018 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------

GUSTAVO ARROYO

               Plaintiff,

        - against -

POLICE OFFICER CARMINE BELLAMORE, ET AL,

               Defendants.

------------------------------------------------------------

**DECISION AND ORDER**

13-cv-5228 (AMD)(AYS)

**ANN M. DONNELLY**, District Judge.

The *pro se* plaintiff, Gustavo Arroyo, brings this civil rights action against police officers Carmine Bellamore and James Crawford, under 42 U.S.C. § 1983, in their individual and official capacities. The plaintiff filed his initial complaint on September 13, 2013. (ECF No. 1.)[1] On April 21, 2017, the plaintiff moved to amend his complaint to add the County of Nassau as a defendant, and three claims of municipal liability. (ECF No. 49-2 at 1.) On June 23, 2017, Magistrate Judge Ann Shields issued a Report and Recommendation ("R&R"), denying the plaintiff's request to file an amended complaint. (ECF No. 58.) The plaintiff objected to the R&R on August 11, 2017. (ECF No. 64.)

Based on my review of the record and the parties' submissions, I agree with Judge Shields' thorough and well-reasoned R&R. For the following reasons, I deny the plaintiff's motion to file an amended complaint.

---

[1] This case was reassigned to me from the Honorable Joanna Seybert on December 3, 2015; and reassigned to the Honorable Anne Y. Shields from the Honorable Gary R. Brown on March 18, 2015.

1

## BACKGROUND

This case has a somewhat convoluted procedural history, which is set forth in detail in Judge Shields' R&R. (ECF No. 58 at 1-3.) I discuss the details that are pertinent to my decision. The plaintiff alleges that the defendants violated his civil rights when they used excessive force during his arrest, and mistreated him during his later detention.[2] (ECF No. 1 at 1-2.) On January 26, 2017, the plaintiff requested an extension to amend his complaint and add parties. (ECF No. 38.) Judge Shields held an in-person conference on February 16, 2017, where, among other things, she denied the plaintiff's motion to amend the complaint. (ECF No. 43; ECF No. 58 at 3.) However, because, as part of the discovery process, the defendant was going to provide the plaintiff with certain medical records, Judge Shields instructed the plaintiff that "[i]f upon receipt of medical records Plaintiff determines he would like to add a party, he can move to amend the complaint at that time." (ECF No. 43.) On April 21, 2017, the plaintiff moved to amend his request by adding Nassau County as a defendant, as well as asserting three claims of municipal liability.[3] (ECF No. 49-3.) Judge Shields denied the plaintiff's request because (1) the plaintiff's municipal liability claims are time barred by the three-year statute of limitations, and (2) in any event, the plaintiff's amendment would be futile, because he cannot plausibly establish his municipal liability claims. (ECF No. 58 at 7-8.)

---

[2] The plaintiff claims that the defendants "removed his shirt and forced him to remain in a room with the air conditioning on full blast," and "torture[d]" him by denying him food, use of a bathroom, and an attorney. (ECF No. 1 at 2.)

[3] The plaintiff's proposed amended complaint alleges, in sum, that the County of Nassau had an unofficial custom of using "unnecessary/excessive force . . . against criminal suspects," failed to properly train its officers, and "ignor[ed]" or took no action against police misconduct. (ECF No. 49-3 at 4-5.)

2

## DISCUSSION

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b).

When a magistrate judge makes a recommendation that is dispositive of a party's claim, the district judge must review *de novo* any part of the magistrate judge's decision to which a party properly objects. Fed. R. Civ. P. 72(b)(3). The court may adopt any sections of the magistrate's report to which a party did not object, as long as the magistrate's decision was not "facially erroneous." *Markey v. Lapolla Indus., Inc.*, No. 12-cv-4622-JS-AKT, 2016 WL 324968, at *3 (E.D.N.Y. Jan. 26, 2016) (citation omitted).

If a party does not object to a conclusion in the magistrate judge's report, the argument is waived, and will not be reviewed. *See, e.g., Johnson v. Woods*, 426 F. App'x 10, 11 (2d Cir. 2011) (citing *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003)). Because the plaintiff is a *pro se* litigant, I evaluate his submissions by a more lenient standard; however, "the leniency accorded pro se litigants is not without limits, and all normal rules of pleading are not absolutely suspended." *Gil v. Vogilano*, 131 F.Supp.2d 486, 491 (S.D.N.Y. 2001) (quoting *Stinson v. Sheriff's Dep't*, 499 F.Supp. 259, 262 (S.D.N.Y. 1980) (internal quotation marks omitted).

The plaintiff makes two related objections to the R&R.[4] First, he argues that his municipal liability claims are not be time barred because they "relate back" to the original complaint. Second, he objects to Judge Shields' decision that the defendants' acts, as alleged in the complaint, are "detached from any policy, inaction or customs associated with the County of

---

[4] I do not consider the plaintiff's claim that Judge Shields should not have conditioned his ability to amend his complaint upon "new information he might glean from review of medical records," (ECF No. 64 at 1-2), because that is not the basis of Judge Shields' decision.

3

Nassau." (ECF No. 64 at 3.) I agree with Judge Shields' determination that the plaintiff's new claims do not sufficiently relate back to his original complaint to avoid the three-year statute of limitations period. The "touchstone" of the relation-back principle, under to Federal Rule of Civil Procedure 15(c)(1)(B), is notice. *See U.S. v. The Baylor University Medical Center*, 469 F.3d 263, 270 (2d Cir. 2006); *Coronna v. County of Suffolk*, No. 05-cv-6016, 2008 WL 2371421, at *3 (E.D.N.Y. June 9, 2008). Under the rule, an amendment to a complaint "relates back" to the date of the original pleading when it "asserts a claim or defense that arose out of conduct, transaction, or occurrence set out . . . in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1)(B). The plaintiff's original complaint focused exclusively on the defendants' conduct during the plaintiff's arrest and subsequent detention, and does not mention the conduct of any other officers. (*See* ECF No. 1.) Moreover, the plaintiff did not allege any facts involving Nassau County's policies, training, supervision, or internal processes. As a result, the amendment does not relate back to the original complaint, and is time barred.

I also agree with Judge Shields that the plaintiff's allegations cannot support municipal liability claims. To hold Nassau County liable under § 1983, the plaintiff must show that it had a policy or custom that caused the deprivation of his constitutional rights. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); *Cash v. Cty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). A single instance of unconstitutional activity is not enough to impose liability on a city unless the plaintiff establishes that the activity was caused by an existing unconstitutional municipal policy, which was created by a person with final decision-making authority. *See, e.g., City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985); *Berry v. Village of Millbrook*, 815 F.Supp2d 711, 720 (S.D.N.Y. 2011) (the plaintiff "has not suggested that any municipal policymaker or municipal policy or custom was responsible for violations of any litigants' rights apart from

plaintiff's own alleged experience"); *Davis v. County of Nassau*, 355 F.Supp.2d 668, 678 (E.D.N.Y 2005) ( "A single incident involving an employee below the policymaking level will generally not suffice to support an inference of a municipal custom or policy.") (internal citations omitted). Further, "mere assertions" that a municipality has a custom or policy of constitutional violations without factual allegations circumstantially supporting "such an inference" are generally not enough. *See McCrary v. County of Nassau*, 493 F.Supp.2d 581, 588 (E.D.N.Y. 2007) (internal citations and quotation marks omitted); *Maloney v. County of Nassau*, 623 F.Supp.2d 277, 289 (E.D.N.Y. 2007). The plaintiff does not offer any facts in his proposed amended complaint that support an inference of municipal liability; he makes only conclusory statements. Therefore, an amendment would be futile, and I deny his motion to amend. *See Ferrara v. Smithtown Trucking Co., Inc.*, 29 F.Supp.3d 274, 279 (E.D.N.Y. 2014) ("a motion to amend should be denied for . . . futility of the amendment . . ."); *Ross v. New York City Dept. of Educ.*, 935 F.Supp.2d 508, 515 (E.D.N.Y. 2013).

I remind the plaintiff, as Judge Shields does, that my denial of his request to amend his complaint does not end his case. The plaintiff is still able to pursue his § 1983 claims against the individual defendants.

## CONCLUSION

Accordingly, I adopt Judge Shields' R&R in its entirety, and deny the plaintiff's request to amend his complaint.

5

**SO ORDERED.**

                                                                       s/Ann M. Donnelly
                                                           _____
                                                           Ann M. Donnelly
                                                           United States District Judge

Dated: Brooklyn, New York
        January 11, 2018